UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 2003-10370-DPW

```
* * * * * * * * * * * * * * * * * * * *
UNITED STATES OF AMERICA    *
                            *
V.                          *
                            *
JOHN MCCARTHY               *
* * * * * * * * * * * * * * * * * * * *
```

## DEFENDANT'S MOTION TO BE RELEASED ON PRESENT TERMS OF RECOGNIZANCE PENDING SENTENCING

Now comes the Defendant, John McCarthy, in the above-numbered indictment and moves this Honorable Court for an order permitting the Defendant to remain on his present terms of Pre-Trial Recognizance pending sentencing.

In support hereof, the Defendant submits the following statement of fact and reasoning for this request:

On or about December 4, 2003, the Defendant, John McCarthy was indicted for violation of 21 U.S.C. § 846, alleging conspiracy to possess and/or distribute 100 kilograms or more of marijuana. In October of 2004, and August of 2005, the indictments were superceded. In the first superceding indictment of October of 2004, under notice of additional factors, Defendant, John McCarthy, is alleged to be accountable for at least 80 kilograms but less than 100 kilograms of marijuana. The Defendant, while accepting and acknowledging his culpability in the conspiracy, does dispute his level of involvement as the government states in the superceding indictment. The Defendant was arrested on or about December 8, 2003 by Drug Enforcement Agents in his hometown of Brookline, Massachusetts. The Defendant appeared before the Court for his initial appearance on or about December 9, 2003. At that time, Mr. McCarthy was ordered released on terms of personal recognizance. Throughout the past nineteen months that the Defendant has been on pre-trial release, he has been in compliance with the terms and conditions of his release and is in good standing with the Pre-Trial Services Department.

Mr. McCarthy is a 40 year old individual who still resides in his family home in Brookline, Massachusetts. He is a 1982 graduate of Brookline High School and has essentially lived in Brookline, in his family home, throughout his entire life. He currently provides regular and almost daily assistance to his 65 year old father and 99 year old grandfather, who live in Brookline, a short distance from Mr. McCarthy. The Defendant has been a member of the IATSE (International Allegiance of Theatre Stage Employees) since 1986. Throughout the pendency of this case, he has remained active with this organization and his employment. Currently he is working on the local filming of a Martin Scorese film, "The Departed". He is serving as the local union foreman for the production of this movie. Additionally, his union involvement has caused him to work with local politicians in the promotion of the "O'Brien Bill" in an attempt to promote more film production here in the Commonwealth of Massachusetts.

Mr. McCarthy also participated in a number of charity endeavors. Over the years, he has devoted considerable time and materials to the Laboure Center in South Boston. His activities there have been largely in the area of fund raising. He has donated numerous items of baseball memorabilia for fund raising auctions. He has also volunteered his time in organizing fund raising events and participating in phone banks. Mr. McCarthy also has provided considerable time to the charitable Harte Foundation. His activities here again include donation of his time as well as film memorabilia to this foundation's fund raising efforts.

During this past winter of 2005, Mr. McCarthy was allowed by the Court to travel to Florida to reside in the Fort Myers area with his mother. The major purpose of that trip was to continue to remain employed as the work prospects were slow in the Massachusetts area. In addition to working at City of Palms Baseball Park in Fort Myers, Mr. McCarthy donated time to the Red Cross. His volunteer efforts included utilizing his construction skills on the part of hurricane relief efforts by the Red Cross in Southwest Florida. Mr. McCarthy returned to Brookline early this spring and has resumed his employment with IATSE.

Mr. McCarthy's criminal history position is essentially at a zero level, having only a couple of minor misdemeanor matters from the Orleans District Court in Massachusetts from 1988. He is fully aware of the application of Title 18 U.S.C. § 3143 and its impact on this Court's decision of whether to release the Defendant at the conviction and prior to sentence. Title 18 U.S.C. § 3143(a) provides, inter alia, that upon conviction of certain enumerated offenses of which this charge is one, that a Defendant should be detained unless the Court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person of the community if released under Title 18 U.S.C. § 3142(B) or (C).

When detention is contemplated under § 3143(B) or (C), the Court should consider the following factors when contemplating release or detention:

- Nature and circumstances of the offense
- The weight of the evidence
- History and characteristics of the person
- The family history of the person
- The employment history of the person
- The financial resources of the person
- Ties to the community
- Past criminal conduct
- History of drug or alcohol dependency
- Criminal History
- Record of Court appearances
- Was the instant offense committed while the person was on probation or parole

The Court may also consider any recommendation of government counsel as well as the potential sentence of the Defendant may face. In the event that the judicial officer does find by clear and convincing evidence that the person is not likely to flee or pose a danger to a person of society, the judicial officer may order the person's release pending sentencing. Title 18 U.S.C. § 3143(a) 2(B). Taking into consideration all of the applicable criteria, the Defendant, John McCarthy's present situation should be considered an exception and should permit his release pending final sentencing.

WHEREFORE, the Defendant prays that this Court determine that he has presented proof sufficient for this Court to find by clear and convincing evidence that John McCarthy is not a flight risk or danger to any person or the community and permit him to remain on his recognizance pending sentencing on this case.

Respectfully Submitted
JOHN MCCARTHY,
By His Attorney,

John T. Diamond, III
TORNEY, MAHONEY DIAMOND
& BENNETT
15 Foster Street
Quincy, MA 02169
BBO No: 555934
Tel: (617) 770-0000

Date: 8/30/05

CERTIFICATE OF SERVICE

I, John T. Diamond, III, Esq., do hereby certify that a copy of the within:

1. Defendant's Motion to be Released on Present Terms of Recognizance Pending Sentencing;

has been sent in-hand, to:

Assistant U.S. Attorney, Rachel Hershfang,
U.S. Attorney's Office
John J. Moakley U.S. Courthouse, Suite 9200
One Courthouse Way
Boston, MA 02210

Judge Douglas P. Woodlock
John J. Moakley U.S. Courthouse
One Courthouse Way, Suite 4110
Boston, MA 02210

                                                   */s/ John T. Diamond, III*
                                                   John T. Diamond, III
                                                   TORNEY, MAHONEY, DIAMOND
                                                   & BENNETT
                                                   15 Foster Street
                                                   Quincy, MA  02169
                                                   BBO #555934
                                                   (617) 770-0000

Dated: 8/20/05